## Commonwealth v. Minker, Appellant.

*Criminal law—Perjury—Accomplices—Evidence.*

In the trial of an indictment for perjury, a verdict of guilty will be sustained where the evidence is conflicting, but there is sufficient testimony .to sustain the verdict.

The rule that evidence of accomplices should be received with caution applies only when the witnesses joined in committing the particular crime for which the defendant is being tried. It is not applicable where such witnesses are not connected with the crime with which the defendant is charged.

Argued March 15, 1923. Appeal, No. 14, Oct. T., 1923, by defendant, from judgment of Q. S. Berks County, June sessions, 1922, No. 109, on verdict of guilty in case of Commonwealth of Pennsylvania v. Abe Minker. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Indictment for perjury. Before WAGNER, J.

The facts are stated in the opinion of the Superior Court.

Verdict of guilty on which judgment of sentence was passed. Defendant appealed.

*Errors assigned* were the charge of the court, various answers to points, and refusal of defendant's motions to quash the indictment.

*Arthur L. Shay,* and with him *Reuben C. Saul* and *John B. Stevens,* for appellant.

42, (1923).]　　Arguments—Opinion of the Court.

*H. Robert Mays,* District Attorney, and with him *Chas. W. Matten,* Assistant District Attorney, for appellee.

OPINION BY LINN, J., April 16, 1923:

Appellant was convicted of perjury. His plight resulted from his relations with two gangs of men and five barrels of alcohol. One gang of four assaulted and tried to shoot him. He complained to an alderman, swore to informations containing various charges against the four men by name, and was present at their arrest. When the time for hearing came, he did not appear; he was taken on a capias to an adjourned hearing, and then deposed he did not know the parties he had accused and had never seen them before. That testimony was the basis of the indictment for perjury.

The motion to quash the indictment lacks merit; the substance of the offense and before whom committed are clearly stated; we are not impressed with the alternative interpretations of the indictment suggested by appellant; the course of the trial shows there was not the slightest misapprehension of what was intended.

Does the evidence sustain the conviction? A number of witnesses testified for the Commonwealth; several for the defendant, who, himself took the stand. Whether one conclusion or another should have been adopted is not for this court; the choice lay with the jury. It appears that appellant, with the alcohol in transit to him by motor truck from Philadelphia to Reading, employed a gang of seven men to seize the alcohol, or, in the words of a witness who related appellant's instructions to him, "to knock these fellows off, take this alcohol away from these fellows." They did so in Reading at appellant's garage, though apparently not to his satisfaction, for he described it, according to another witness, as "a hell of a job." This happened on a Saturday. On the following Monday the men who had brought the alcohol from Philadelphia attacked appellant, who then informed against

them as has been stated. There is evidence that he paid $350 to the gang of seven for their work. Some of this gang, called by the Commonwealth, were brought into court from the Montgomery County jail where at the time of the trial they were lodged on a charge of highway robbery involving a motor truck belonging to appellant. It was shown that between the time of his complaint and the hearing, he was in conference with the attorney for the men he accused. He testified that at that conference he told counsel for the accused he couldn't identify the men and was advised by him that "the best thing to do is to go up to Alderman Cooney's office, pay the costs, and drop the case"; that this lawyer "told me that he would do that......I didn't have to be there at the hearing on Friday." He denied employing the gang to seize the alcohol and that he paid them anything. The jury had the right to find that he set the gang of seven on the men with the truck, who doubtless in consequence then attacked him; that he knew them and at once accused them, and before the hearing arranged with them or their attorney to default the prosecution. The improbability of the story is not controlling; there is evidence to support the verdict.

The instructions to the jury are not open to the charge of general inadequacy, or in the particular also specified in counsel's brief at the argument below on the motions for new trial or in arrest of judgment. Then the only criticism was "the failure of the court to charge the jury as to the character of the testimony offered in the persons of the Eyrichs, Wentzels et al." The two Wentzels and the two Eyrichs were among the seven who seized the alcohol at the request, as they said, of appellant. Both Wentzels and Charles Eyrich testified they were brought into court from the Montgomery County jail, where they were detained charged with highway robbery of a truck belonging to appellant; one of the Wentzels testified he had "been in the penitentiary at one time" for larceny but had been pardoned. Appel-

lant now contends that this gang of seven were accomplices with him and that the court should have so instructed the jury with the usual precaution applicable to the evidence of accomplices. This point was not made below, nor is there any basis for it here; appellant was charged with perjury; there is nothing in the record making these witnesses accomplices with him in that crime. While the learned trial judge did not instruct the jury (he was not requested to do so) that witnesses brought from jail, as these were, might or might not be less credible than others, he did instruct the jury to consider the manner in which their testimony was given, what interest they might have, etc., and he states in his opinion refusing a new trial that "In addressing the jury, defendant's counsel dwelt fully upon this, ["the character of the testimony offered in the persons of the Eyrichs, Wentzels, et al."] and stated that therefore these witnesses were unworthy of belief. Such emphasis was laid upon it by defendant's counsel, that we did not consider it necessary to further stress that matter....." In such circumstances the assignment alleging inadequacy is also without merit.

As to the points of charge which the court declined to receive because not presented within the time required by the local rules, we need only say that such matters as could have been affirmed were sufficiently covered in the general charge, and that appellant was therefore not harmed by their rejection.

The judgment is affirmed and the record remitted to the court below and it is ordered that the defendant appear in the court below at such time as he may be there called and that he be by that court committed until he has complied with the sentence or any part of it which had not been performed when the appeal in this case was made a supersedeas.